UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN DIAZ,<br><br>         Petitioner,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>         Respondent. | Case No. 1:25-cv-00196-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE WESTERN DIVISION OF THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

Petitioner Joaquin Diaz ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his June 22, 2017, conviction entered by the Superior Court of Los Angeles County. (*Id*. at 30). Los Angeles County is located within the jurisdiction and venue of the Western Division of the Central District of California.

When a habeas petition is filed by a person in custody under a state court judgment, and that state contains two or more federal judicial districts—such as California—the petition may be filed in either the judicial district in which the petitioner is presently confined, or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d). When a habeas petition challenges the petitioner's conviction or sentence, e.g., a habeas petition brought pursuant to 28 U.S.C. § 2254, the district where the petitioner was convicted and sentenced is a more convenient forum because trial court records, witnesses, and other evidence related to the crime

1  and his conviction are usually located in that district. *See Braden v. 30th Judicial Cir. Ct. of Ky.*,
2  410 U.S. 484, 4998 & n.15 (1973).  Thus, California courts generally transfer habeas actions
3  challenging state convictions or sentences to the district where the petitioner was convicted and
4  sentenced. *See, e.g., Tate v. Unknown*, No. 24-cv-756 JLS (LR), 2024 WL 2880583, at *1 (S.D.
5  Cal. May 7, 2024) (citing *Braden*); *Gakuba v. Cal. Attorney Gen.*, No. 22-cv-07698 NC (PR),
6  2022 WL 17813143 at *1 (N.D. Cal. Dec. 16, 2022); *Dannenberg v. Ingle*, 831 F. Supp. 767, 767
7  (N.D. Cal. 1993).

8       Here, because Petitioner is challenging his 2017 conviction obtained in Los Angeles
9  County, the better forum for his claims is the division of the district court where he was
10  convicted.  Thus, the Court finds in its discretion "and in furtherance of justice" the petition
11  should be transferred to the Western Division of the Central District of California.  28 USC §§
12  1404(a), 2241(d).

13  **Conclusion and Order**

14       Accordingly, it is HEREBY ORDERED:

15  1. The Clerk of the Court shall transfer this action to the United States District Court for
16     the Central District of California, Western Division; and

17  2. All future filings shall reference the new case number assigned and shall be filed at:

18         United States District Court
       Central District of California
19         Western Division
       350 West 1st Street STE 4311
20         Los Angeles, CA 90012

21  IT IS SO ORDERED.

22    Dated:   **February 18, 2025**        _____
23                                       UNITED STATES MAGISTRATE JUDGE